**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **GENERAL ELECTRIC COMPANY** | ) | |
| Plaintiff, | ) | Case No. 04-0107C |
| v. | ) | |
| | ) | Judge Wolski |
| **UNITED STATES OF AMERICA,** | ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPORT IN RESPONSE TO NOTICE OF PRE-DISCOVERY CONFERENCE IN NEW SNF CASES AND MOTION FOR TEMPORARY STAY**

Plaintiff, General Electric Company (for these purposes "GE"), respectfully submits the following report in response to the Court's Notice of Pre-Discovery Conference in New SNF Cases, filed April 13, 2004 (the "Pre-Discovery Notice").[1/]

As a threshold matter, GE wishes to emphasize that it does *not* presently desire to engage in affirmative or responsive discovery (coordinated or otherwise), or other active litigation such as substantive motions practice. This is because there is at least a reasonable chance that developments in other cases could render some or all of such activities unnecessary in this case, or at a minimum render such activities more efficient should they become necessary. As the timing of the filing of this lawsuit on the eve of an arguable expiration of the applicable limitations period suggests, GE does not believe that adversarial litigation against the

---

1/ GE has two "spent nuclear fuel" lawsuits pending before the Court. This lawsuit, No. 04-0107C (Wolski, J.), involves material stored at GE's Morris facility in Illinois, and DOE Standard Contract No. DE-CR01-83NE44384. The other lawsuit, No. 04-0108C (Wolski, J.), involves material stored at GE's Vallecitos facility in Pleasanton, California, and DOE Standard Contract No. DE-CR01-83NE44426.

Government is a preferred option. Although GE was constrained to file this lawsuit in order to protect its rights to recover the damages to which it is entitled, it nevertheless desires to prosecute its case in the most efficient and economical manner possible. For these reasons, and in furtherance of these goals, GE proposes a modest and reasonable six-month stay of this lawsuit.

The Government has not yet filed a "Motion to Stay all Proceedings or, in the Alternative, for Coordinated Discovery Regarding Rate and Schedule Issues" ("Motion to Stay") in this lawsuit, and is not aware of whether the Government plans to do so. In recent enlargement requests, however, the Government has alluded to the possibility of alleged duplicative recovery as potentially affecting the Government's procedural position in this case. In its most recent filing on April 19, 2004, for example, the Government observed that certain spent fuel stored at GE's Morris facility is owned by a plaintiff in another proceeding (Connecticut Yankee). The fact that the GE complaint includes a reference to GE being a third party beneficiary of Connecticut Yankee's contract with DOE, according to the Government, poses "seemingly duplicative" damage claims. *See* Defendant Unopposed Motion for An Enlargement, dated April 19, 2004, at 2. GE is not privy to the damage theories of other plaintiffs, nor does GE understand the nature of the Government's purported "duplicative" damage claim concerns. Accordingly, GE will not here undertake to respond to those contentions unless and until they are more fully formulated, except to note as a general matter that breach damages legitimately incurred and proved by one party are irrelevant to damages legitimately incurred and proved by another, even if third party beneficiary principles are implicated (and it is far too early even to tell whether that will be the case in this lawsuit).

GE has reviewed the Motion to Stay filed in other lawsuits and notes that it does not

necessarily concur with the Government's request for an indeterminate stay until "final ruling" (which of course could include appellate rulings or even proceedings after remand) of the three identified "lead" cases.[2/] It is certainly possible that further developments—in the three lead cases in which trial dates have been set or otherwise—could provide efficiencies in connection with the prosecution of the claims asserted in this case. It is equally possible, however, that proceedings in those three cases could unfold in such a way that it becomes clear that efficiencies in this case would not be gained by awaiting final resolution, particularly given that GE believes that this case may differ in significant respects from some or all of the three cases identified by the Government. For example, it is not apparent that the rate of acceptance issue being litigated in other spent fuel cases, and which is the subject of the Government's dispositive motion referred to in the Pre-Discovery Notice, is even relevant to this case given the age and amount of GE's spent fuel stored at its Morris Facility. Further, unlike each of the lead cases cited by the Government, GE's lawsuit does not involve any damages associated with dry spent fuel storage. For these and other reasons, this case may well *not* implicate many of the issues that will likely drive the damages proceedings in the three "lead" cases, and some flexibility regarding a stay based upon those cases is therefore appropriate. In order to allow for these various possibilities in a reasonable manner, GE suggests that a temporary stay be entered, and that the parties be directed to file a status report in six months regarding the desirability of a continued stay or, if appropriate, recommendations for further proceedings.

Because GE does not believe that the scope of the matters that will remain truly disputed

2/ The three "lead" cases cited by the Government in its Motion to Stay are *Yankee Atomic Power Company v. United States*, No. 98-126C (Senior Judge Merow), *Indiana Michigan Power Co. v. United States*, No. 98-486C (Judge Hodges), and *Commonwealth Edison Co. v. United States*, No. 98-621C (Judge Hewitt).

in this case can be known at this time, GE has not yet developed or finalized its discovery plans or objectives with regard to this lawsuit. GE respectfully suggests that it would be premature to require it to do so now.

Nevertheless, in accordance with the Court's Pre-Discovery Notice, GE submits the following information regarding its discovery plans and objectives:

1. *The nature and scope of discovery GE anticipates needing to respond to the Government's standard dispositive motion on the rate of acceptance*: The Government has not yet filed a dispositive motion on the rate of acceptance in this lawsuit, and, indeed, extensive discovery and motions practice on such issues are precisely the sort of costly, time consuming, and resource-intensive activities that GE would desire to avoid, if possible. As noted above, issues raised by such a motion may be completely irrelevant to this proceeding, given the nature GE's spent nuclear fuel and the Morris facility. Moreover, a definitive appellate ruling, or further rulings from judges on this Court who are presiding over cases where such issues are ripe, could very well obviate the necessity of such motions and discovery in this case as a general matter.

Nevertheless, if the Government were to file such a motion in this case and GE be compelled to respond, GE anticipates that it would, to the extent practicable, take advantage of discovery, including depositions, previously provided in the older spent fuel cases on related issues in order to respond to the motion. In such a scenario, the obvious first step would be for GE to acquire and review the existing discovery record, but, beyond that, it is not possible at this time for GE to identify more specific formal discovery plans or schedules on this issue.

2. *Any circumstance that may affect the timing of discovery or trial*: As noted above, GE currently believes that possible developments in older spent fuel cases may affect the

timing of discovery or trial. GE does not believe that it is prudent in this case for the parties to pursue active litigation in the short term. In order to allow in a reasonable manner for possible efficiencies due to developments in the older spent fuel cases, GE recommends that a temporary stay be entered, and that the parties be directed to file a status report in six-months regarding the desirability of a continued stay or, if appropriate, recommendations for further proceedings including additional discovery.

3. *If known, whether discovery, including depositions, previously provided in the old cases on the same issues, would suffice in the new SNF case (if the Government consented to its full use in the new case)*: Again, and perhaps depending upon how matters unfold in the future in the other pending cases, GE believes that there is some reasonable chance that much, if not all, of the discovery taken in the older cases may not be necessary for this case. Assuming, however, that there was some need for development of a factual record on such issues in this case, GE does not now know whether discovery, including depositions, previously provided in the older spent fuel cases would suffice for purposes of this lawsuit. GE understands that an extensive discovery record was developed in those older cases and GE would anticipate, to the maximum extent practicable, making use of that discovery. However, as GE does not yet have access to that material (and the Government has not yet stated when or how it plans to provide such access) it is simply not possible at this time for GE to commit to forego the independent discovery rights to which it is entitled under the Rules.

4. *Additional responses to the issues raised in defendant's motion to stay or coordinate discovery*: GE suggests that it provide Judge Wolski with an update of its discovery plans and schedules in the status report that it proposes to file in six-months as part of the recommended temporary stay. This additional time will enable GE to assess the Government's

proposed plans regarding access to and use of existing discovery materials, which are to be provided as part of the Government's response to this Pre-Discovery Notice, and allow for the parties and the Court to assess any developments in other cases that may impact GE's discovery requirements.

**CONCLUSION**

For the reasons described above, GE believes it is unnecessary and premature for the Court, at this time, to develop or implement any formal coordinated discovery plans. Instead, GE suggests that it provide Judge Wolski with an update regarding the desirability for a continued stay and recommendations for further proceedings, including any additional discovery, in a status report to be filed in six-months.

s/ Brad Fagg
Brad Fagg (Counsel of Record)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5191 Telephone
(202) 739-3001 Facsimile

April 23, 2004

Of Counsel:

Paul M. Bessette
MORGAN, LEWIS & BOCKIUS LLP

Attorneys for Plaintiff
General Electric Company

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 23rd day of April, 2004, the foregoing was filed with the Court electronically, and service is thereby deemed to have been made upon all counsel of record.

s/ Paul Bessette