**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **ENTERGY NUCLEAR FITZPATRICK, LLC et al.** | |
| Plaintiffs, | Case No. 03-2627C |
| v. | |
| | Chief Judge Damich |
| **UNITED STATES OF AMERICA,** | |
| Defendant. | |

**STATUS REPORT REGARDING "PRE-DISCOVERY CONFERENCE"**

At the "Pre-Discovery Conference" held before Judge Diane Sypolt on April 30, 2004, Judge Sypolt requested that the parties to the "new" spent nuclear fuel ("SNF") cases pending before the Court and participating in the conference file a single document summarizing their positions regarding certain stay and discovery matters, which were addressed more fully in the conference and in notices and responses filed in many of the new SNF cases. Judge Sypolt requested that the document be filed electronically in one of the SNF cases pending before Chief Judge Damich, and in a SNF case pending before Judge Sypolt. Pursuant to that request, undersigned counsel respectfully submit the following report.

As a threshold matter, for various reasons no party has taken the position that so-called "coordinated discovery" should proceed at this time. In particular, no plaintiff now requests discovery regarding matters that were the subject of the prior "coordinated discovery" proceedings in the older SNF cases. The Government has reserved its position that should any such discovery proceed, that discovery should be coordinated.

For these purposes, the positions of the parties to the cases that participated in the conference or who otherwise desire to be included in this report can be summarized and grouped into several categories. Those categories are described briefly below, and the cases that fall into the respective categories are listed under the corresponding category heading in Exhibit 1 to this motion.

Plaintiffs have elected not to respond in this filing to the substance of the Government's position as stated in Section II of this report. Rather, in cases where the Government has already filed a motion to stay and the plaintiff has responded, the plaintiff's full position is stated in that response, filed electronically in the individual cases. Similarly, where such a stay motion has yet to be filed, the plaintiff's full position will be stated in any response to such a motion. For brevity, the substance of the full responses or anticipated responses by plaintiffs are not repeated here, and the Court is respectfully referred to such filings in individual cases for statements regarding the positions of the parties. The parties wish to emphasize that the *reasons* that they have arrived at the indicated positions, and the arguments in favor of such positions, can and frequently do differ. By virtue of this filing, no party should be deemed to acquiesce in the statements or characterizations of positions by other parties, nor should plaintiffs have been deemed in any way to acquiesce in the recitations of the Government's position.

## I. CATEGORIES OF CASES

***A. PLAINTIFFS AND THE GOVERNMENT ARE AGREEABLE TO A DEFINED AND COMPLETE TEMPORARY STAY***. In the cases listed under Category A of the attached Exhibit 1, the plaintiffs and the government are agreeable to a complete stay of all

discovery and motions practice for a defined and temporary period of six months, or until the end of 2004, or, alternatively, until March 1, 2005, upon the understanding that a plaintiff could at any time file a request in an individual case that the stay be lifted, should circumstances so warrant.

**B.** ***PLAINTIFFS OPPOSE A STAY BUT AGREE TO DEFER DAMAGES ISSUES.*** In the cases listed under Category B of the attached Exhibit 1, the plaintiffs are opposed to a stay at this time. Within the next thirty days, plaintiffs intend to file motions seeking orders entering liability rulings against the Government on plaintiffs' claims for partial breach of contract. To the extent the Government intends to contest liability or to file other allegedly dispositive motions concerning plaintiffs' standing or other legal issues, plaintiffs desire to brief and resolve those issues now. Pending resolution of these issues, plaintiffs are not opposed at this time to deferring (1) briefing on the acceptance rate and other damages-related issues, and/or (2) conducting discovery on the acceptance rate and other damages-related issues. Plaintiffs also expect that, to the extent any discovery on the acceptance rate issues is required, that discovery will be extremely limited and would likely consist only of updating information previously obtained.

**C.** ***PLAINTIFFS OBJECT TO A STAY AND BELIEVE THAT THE GOVERNMENT SHOULD RESPOND TO THE COMPLAINTS AND ALSO THAT TARGETED DISCOVERY SHOULD PROCEED.*** In the four cases listed under Category C of the attached Exhibit 1, plaintiffs oppose any stay of these cases. As explained in the four Reports filed on April 23, 2004 for these plaintiffs, these cases are significantly different from

the other types of cases filed by owner/operators of nuclear facilities, and would not benefit in any way from a stay. Plaintiffs believe the Government should be required to respond to their respective complaints and that discovery, targeted to the specific issues generally unique to those plaintiffs, should proceed, as called for by this Court's Rules. Plaintiffs have not yet had access to the 833,000 pages of documents or 66 depositions cited in the Government's Report, but will review these documents and transcripts as authorized to determine if they apply to the plaintiffs' cases and can reduce the need for parallel discovery.

**D. *PLAINTIFFS OBJECT TO A STAY AND BELIEVE THAT THE GOVERNMENT SHOULD HAVE TO ANSWER THE COMPLAINTS AND THAT CERTAIN LIMITED DISCOVERY SHOULD OCCUR.*** In the cases listed under Category D of the attached Exhibit 1, plaintiffs oppose a general stay of the cases.[1] Plaintiffs believe that the Government should be required to answer the complaints in their respective cases. In addition, plaintiffs request that certain limited discovery, including the reciprocal disclosures called for by RCFC Rule 26(a) and plaintiffs' document production,[2] should proceed during the remainder of the year while the *Yankee* and *ComEd* spent fuel cases are being tried. With respect to other discovery, including deposition discovery, assuming the Government will stipulate to plaintiffs' use of previous depositions of Department of Energy ("DOE") and former DOE employees and contractors taken in other SNF cases as if they were taken in these cases, plaintiffs believe that

---

[1] In *South Carolina Electric & Gas Co. and South Carolina Public Service Commission*, No. 04-0101C, the Court entered an order on April 26, 2004 denying the Government's motion for a stay. The order directs the Government to respond to Plaintiff's complaint by May 28 and directs the parties to file a Joint Preliminary Status Report thereafter.

[2] Plaintiffs assume that they will be able to use the Government's previous document production in the SNF cases.

such discovery can be deferred until after January 2005, after the trials in the *Yankee* and *ComEd* cases are completed.

**E.** ***MISCELLANEOUS CASES***. Finally, there are a couple of cases that cannot presently and for these purposes be grouped into one of the above categories, which are identified in Category E of the attached Exhibit 1. The reasons for this include the fact that the the parties to the case have not yet determined their position on these issues.

## II. DEFENDANT'S SUMMARY

Defendant seeks a stay of all of the spent nuclear fuel ("SNF") cases filed since the plaintiffs concluded their schedule discovery in the coordinated discovery proceedings. As explained in the reports that the Government filed in these cases on April 23, 2004, the Chief Judge has identified six "lead" or "accelerated" cases that should reach decision upon the acceptance schedule issues that affect all of these cases within a reasonable period of time. Further, the Government anticipates that the Court will soon issue its decision in Indiana Michigan Power Co. v. United States, No. 98-486C (Fed. Cl.) (Hodges, J.), which completed trial on March 16, 2004, and that those acceptance schedule issues will likely be before the United States Court of Appeals for the Federal Circuit very shortly after the trial court decision is issued. Resolution of the acceptance schedule issues by the appellate court would likely eliminate the need for this Court to decide those same issues in all of the most recently filed SNF cases. Because resolution of issues surrounding the acceptance schedule by which the Department of Energy was obligated to accept SNF from individual utility contract holders after January 31, 1998, is essential to evaluating whether the Department of Energy's delays in accepting SNF "caused" a contract holder to have to incur a particular cost, and for the reasons explained in our April 23, 2004 report, the Court should allow the currently scheduled proceedings in the "lead" or "accelerated" cases to proceed so that these issues may be resolved in an efficient and cost-effective manner.[3]

[3] In our April 23, 2004 report, the Government identified several legal issues that could potentially be resolved during the period of the stay. As explained at the April 30, 2004 conference, the Government is willing to stay these cases in their entirety, but is also willing to address the legal issues identified in our April 23, 2004 report during the period of the stay, to the extent that the Court does not wish to stay the cases in their entirety.

The plaintiffs have taken inconsistent positions regarding a stay of proceedings in these cases. Although many plaintiffs (identified as "Category A") agree that at least a temporary stay of proceedings is appropriate or are willing to agree to a temporary stay,[4] four plaintiffs (identified as "Category C"), all represented by Dickstein, Shapiro, Morin & Oshinsky, LLP, oppose a stay and desire immediate discovery. As we explained at the hearing on April 30, 2004, three of those four plaintiffs (Atlantic City, Canal Electric, and Delmarva Light & Power) are former shareholders or minority interest owners that lack any viable claim against the Government, and the Government is willing, to the extent that the Court does not wish to stay all of these cases, to file dispositive motions in these three cases that should resolve them. However, the fourth Dickstein Shapiro case (Consolidated Edison) involves a former contract holder that has assigned its Standard Contract to another plaintiff, Entergy Nuclear Indian Point 2, and any development of that case would involve the same discovery, legal issues, and factual issues that have been and are being developed in the previously filed SNF cases. Accordingly, the Consolidated Edison case should be stayed. Other plaintiffs (identified as "Category B" and "Category D") request that the Court either defer damages proceedings but proceed to rule on liability issues (with some possible limited discovery) or require initial disclosures and some other limited discovery. To the extent that the Court requires any discovery at this point in time from the Government, it should require all plaintiffs to participate in that discovery in a coordinated manner so that the Government is not required to participate in multiple rounds of discovery regarding the same matters. Further, the Court should require that, before any

---

4 We understand that the plaintiff in Illinois Power Co. v. United States, No. 04-133C (Fed. Cl.), and those plaintiffs represented by Spriggs & Hollingsworth have elected not to participate in the April 30, 2004 discovery conference or this submission. Nevertheless, we understand that those plaintiffs represented by Spriggs & Hollingsworth that have responded to our motions to stay do not oppose a stay of proceedings through the end of the year.

discovery be taken, the plaintiffs identify the reasons that the requested discovery is not already adequately covered by discovery that was previously taken in the coordinated discovery proceedings.

To the extent that the Court allows some of these cases to proceed, the Government must request that the Court establish a coordinated discovery mechanism through which all of the existing plaintiffs would have to conduct, and complete, their discovery from the Government.[5] In those SNF cases in which discovery has already proceeded, we have already seen extensive duplication of discovery requests between plaintiffs. Specifically, different plaintiffs are seeking to take the depositions of the same Government witnesses on the same topics. Because the Government does not possess information about any individual utility's internal costs or damages claims, the only discovery that an individual contract holder plaintiff would obtain from the Government in response to its damages claims would be discovery regarding issues that exist in all of the SNF cases, including the rate at which the Standard Contract requires the Department of Energy to accept SNF from the contract holders, the order in which the Department of Energy is required to accept that SNF from the various contract holders, the Department of Energy's obligations to accept Greater-Than-Class-C low-level radioactive waste under the terms of the Standard Contract, the Department of Energy's obligations to accept certain types of casks (in addition to accepting SNF) from contract holders, and the Department of Energy's obligations to accept failed fuel from contract holders. Because certain employees of the Department of Energy are knowledgeable about these matters, their depositions are being routinely sought. Yet, the deposition questions and testimony is quickly becoming redundant. Further, it has become

[5] As previously identified, the plaintiff in Illinois Power and those plaintiffs represented by Spriggs & Hollingsworth have elected not to participate in this submission. Despite their

clear that deposition testimony taken in one case quickly is introduced in other SNF cases. Because it is inefficient and unfair to require individual witnesses to endure up to 65 individual depositions regarding redundant and duplicative topics, all plaintiffs should be required to conduct their discovery of the Government in a coordinated manner through some type of procedure or proceeding that would preclude multiple depositions of individual witnesses, that would preclude discovery that has already been taken and is available as a result of the prior coordinated discovery proceedings, and that the Court can monitor to preclude discovery abuses. The Government also requests, as identified in the Government's April 23, 2004 report, that the Court extend the protective order, the e-mail preservation order, and the order governing access to the RIS-Web issued in the coordinated discovery proceedings so that they expressly cover all of these cases and allow for consistency in the protections and obligations of the parties in these cases.

decision not to participate in this process, any coordinated discovery that the Court requires should equally require their participation.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch,
Civil Division
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, DC 20530
(202) 305-7562 – telephone
(202) 307-2503 – facsimile

Attorneys for Defendant

Of Counsel:

Jay E. Silberg
Devon E. Hewitt
Michael G. Lepre
Daniel S. Herzfeld
Jack Y. Chu
**SHAW PITTMAN LLP**
2300 N Street, N.W.
Washington, D.C. 20037

s/Alex D. Tomaszczuk
Alex D. Tomaszczuk
**SHAW PITTMAN LLP**
1650 Tysons Boulevard
McLean, VA 22102
(703) 770-7940
(703) 770-7901 (fax)

Attorneys for Plaintiffs
*Detroit Edison Company,*
*Entergy Gulf States, Inc.*
*Entergy Nuclear Fitzpatrick, LLC, Entergy Nuclear Indian Point 3, LLC, and Entergy Nuclear Operations, Inc.*
*Entergy Nuclear Generation Company*
*Entergy Nuclear Indian Point 2, LLC*
*Entergy Nuclear Vermont Yankee, LLC, and Entergy Nuclear Operations, Inc.*
*FPL Energy Seabrook, LLC*
*System Fuels, Inc., on its own behalf and as agent for Entergy Arkansas, Inc.*
*System Fuels, Inc., on its own behalf and as agent for Entergy Louisiana, Inc.*
*System Fuels, Inc., on its own behalf and as agent for Systems Entergy Resources, Inc., and South Mississippi Electric Power Association*

s/ Brad Fagg
Brad Fagg
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5191 Telephone
(202) 739-3001 Facsimile

Attorneys for Plaintiffs
*Arizona Public Service Corporation,*
*Interstate Power and Light Company,*
*Constellation Generation Group, LLC, Calvert Cliffs Nuclear Power Plant, Inc., Nine Mile Point Nuclear Station, LLC,*
*Dominion Resources, Inc., Dominion Nuclear Connecticut, Inc.,*
*Dominion Resources, Inc., Virginia Electric and Power Company,*
*The Cleveland Electric Illuminating Company, Pennsylvania Power Company, The Toledo Edison Company,*
*General Atomics,*
*General Electric Company,*
*PPL Susquehanna, LLC,*
*Carolina Power and Light Company, Florida Power Corporation,*
*Southern California Edison Company, and*
*Wisconsin Public Service Company*

s/ Richard J. Conway
Richard J. Conway
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, D.C. 20037-1526

Attorneys for Plaintiffs
*Delmarva Power and Light Company,*
*Atlantic City Electric Company,*
*Canal Electric Company, and*
*Consolidated Edison Company of New York, Inc.*

s/ Norman M. Hirsch
Norman M. Hirsch
Jenner & Block
One IBM Plaza
Chicago, IL 60611
(312) 923-2782 Telephone
(312) 840-7782 Fascimile

Attorneys for Plaintiffs
*Energy Northwest*
*Exelon Generation Company, LLC*
*AmerGen Energy Company, LLC*
*South Carolina Electric & Gas Company*
*South Carolina Public Service Commission*

s/ M. Stanford Blanton
M. Stanford Blanton
Balch & Bingham LLP
1710 Sixth Avenue North
Birmingham, AL 35203

Attorneys for Plaintiffs
*Rochester Gas & Electric Company, Niagara Mohawk Power Coorporation, New York State Electric & Gas Corporation, and Central Hudson Gas & Electric Corporation*

s/Michael Henke
Michael J. Henke
Vinson & Elkins LLP
1455 Pennsylvania Avenue, N.W.
Suite 600
Washington, D.C. 20004

Attorneys for Plaintiffs
*Portland General Electric Company, City of Eugene, Oregon, acting by and through Eugene Water and Electric Board, and PacifiCorp*

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 7th day of May, 2004, the foregoing was filed with the Court electronically, and service is thereby deemed to have been made upon all counsel of record.

______________________________